IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No 13-cv-00230-RBJ

SOVEREIGN BANK,

    Plaintiff,

v.

PHILLIP A. WOLF,

    Defendant.

## ORDER

Sovereign Bank, NA, headquartered in Boston, Massachusetts, filed a complaint against Phillip A. Wolf in the Jefferson County, Colorado District Court on April 25, 2012. [CM/ECF docket #4-2]. Sovereign Bank alleged that Mr. Wolf, apparently a resident and citizen of Colorado, had defaulted on his obligation to make payments on a loan; and that the bank was entitled to obtain possession of an airplane that had been pledged as security and to a judgment for related damages. Mr. Wolf was served with the summons and complaint on May 16, 2012. [#4-3]. He answered the complaint, *pro se,* on June 11. 2012. [#4-4]. Trial was set for February 1, 2013. [#4-6]. On January 15 2013 Mr. Wolf filed a proposed trial management order. [#4-5].

However, on January 30, 2013 Mr. Wolf filed a Notice of Removal of the case to this Court. [#1]. The Notice provides, as grounds for removal, "misleading of the state court, The plaintiff admitting on January 15th 2012 this would be based upon Ma. Law and he would Educate the Judge in that he, Judge Hall was not versed on Ma. Law. This is a completely unfair position to Defendant and should be removed to Federal Court." *Id.* at 1. Mr. Wolf also cited

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), for the proposition that *pro se* pleadings are to be construed liberally and held to a less stringent standard that formal pleadings drafted by lawyers." *Id.*

On February 11, 2013, purportedly to satisfy the requirement of Local Rule 7.1 that counsel for the moving party confer with the opposing counsel or *pro se* party before filing a motion, the bank's counsel sent Mr. Wolf an email in which he advised that (1) a party may only remove an action within 30 days after service of the complaint, (2) an in-state defendant cannot remove an action to federal court on diversity grounds, (3) he intended to file a motion to remand and to seek costs and expenses caused by the removal, and (4) he wished to know whether Mr. Wolf would agree to or oppose the remand. [#4-1]. Counsel apparently provided copies of two unpublished orders from Judges Arguello and Krieger of this court to Mr. Wolf. [#4-8, 4-9]. Mr. Wolf's responded on the same day: "Of course I oppose, you raised the MA. law 15. Days from trial date I'm supposed To agree with u r education of the judge and him remain unbiased? I don't think so Mr. Wolf." [#4-1].

Sovereign Bank then filed a motion for remand and an award of expenses and costs on February 14, 2013. [#4]. Mr. Wolf's response is not yet due. Nevertheless, the Court *sua sponte* orders that this case be remanded to the state court. It is apparent on the face of the pleadings that the case was not properly removed. Under 28 U.S.C. 1446(b)(1)

> [t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Mr. Wolf removal was filed more than eight months after he was served with the summons and complaint in state court. If Mr. Wolf is a citizen of Colorado – that this appears to

be undisputed – then his attempted removal was legally deficient for the second reason that a defendant who is a citizen of the state in which the action is brought may not remove the case on diversity of citizenship grounds. 28 U.S.C. § 1441(b). There plainly is no federal question jurisdiction in this case.

Although courts do treat *pro se* pleadings liberally, here Mr. Wolf made no apparent effort to learn the requirements for removal, even after being educated by plaintiff's counsel. I will award costs to the plaintiff as the prevailing party. However, I do not agree that plaintiff's counsel conferred as required by Local Rule 7.1. I cannot speculate as to what Mr. Wolf would have done if counsel had talked to him instead of sending an email. Accordingly, although the Court might have discretion to award attorney's fees for the filing and maintaining of a groundless and frivolous pleading, I elect not to do so.

**Order**

The Court *sua sponte* finds that defendant's purported removal was defective and remands this case to the state court. The pending motion to remand [#4] is moot. The Court awards plaintiff Sovereign Bank, NA iTs reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 19th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge